OPINION
{¶ 1} On May 18, 2002, Ohio State Highway Patrol Trooper Robert Gable observed a vehicle owned by an individual, Margaret Kingman, who did not have a valid driver's license. Upon stopping the vehicle, Trooper Gable identified appellant, Samuel Kingman, as the driver. During their discussion, appellant admitted he did not have a valid driver's license. Trooper Gable cited appellant for driving while under suspension in violation of R.C. 4511.192(A) and driving without a seat belt in violation of R.C. 4513.263(B)(1).
 {¶ 2} On June 18, 2002, appellant filed a motion to suppress claiming an unreasonable stop. A hearing was held on July 3, 2002. By judgment entry filed July 15, 2002, the trial court denied said motion.
 {¶ 3} On July 16, 2002, appellant pled no contest. By judgment entry filed August 23, 2002, the trial court found appellant guilty and sentenced him to thirty days in jail.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The Trial Court Erred When It Overruled The Motion Of Appellant To Suppress Evidence Wherein It Found The Stop Of The Defendant's Vehicle And Subsequent Detention Lawful."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger.
 {¶ 8} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 9} Appellant argues it should have been clear to Trooper Gable that he was not the owner of the vehicle as the description of the owner was a female, five feet tall and 150 pounds whereas he is a male, six feet one inch tall and 175 pounds.
 {¶ 10} In State v. Cricks (October 2, 2000), Stark App. No. 2000CA00121, this court discussed this issue as follows:
 {¶ 11} "`[W]hen an officer runs a check of a vehicle's license plate, and learns the owner's license is suspended, the officer may rationally infer that the owner of the vehicle is likely to be driving the vehicle, giving rise to a reasonable and articulable suspicion to justify stop.' State v. McClain (Dec. 8, 1997), Stark App. No. 1997CA00125, unreported (citing State v. Powell (Feb. 24, 1993), Ashland App. No. 1021, unreported). However, if the officer sees the driver and can tell that his or her physical description does not match the description given of the vehicle owner, the inference that the driver of the vehicle is the owner is no longer rational, and the officer may lack reasonable suspicion to stop the vehicle. State v. Yeager (Sept. 24, 1999), Ross App. No. 99CA2492, unreported, 1999 WL769965 (citing Terryv. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 andState v. Freeman (1980), 64 Ohio St.2d 291, 294, 414 N.E.2d 1044)."
 {¶ 12} Trooper Gable testified he observed the vehicle at 12:38 a.m. and it was the only vehicle on the road. T. at 5. He checked its registration and learned the owner of the vehicle, a woman, had a suspended license. T. at 5-6. Because the road was unlit by street lights, he attempted to determine the sex of the driver with the use of his headlights, but was unable to do so. T. at 7. Trooper Gable could only observe a silhouette of the driver and make a determination that there was only one individual in the vehicle. T. at 8. After stopping the vehicle, Trooper Gable noticed the driver "was obviously not a woman and not the owner of the vehicle." Id. He was not able to identify the gender of the driver until he was at the passenger door on the driver's side and the window was lowered. T. at 9. Trooper Gable apologized to the driver, appellant, and explained he stopped the vehicle because the owner did not have a valid driver's license. T. at 8-10. Before Trooper Gable could tell appellant he was free to go, appellant interrupted him and volunteered "I do not have a license either." T. at 10, 18. Up until the voluntary statement, Trooper Gable intended to walk away and let appellant go. Id.
 {¶ 13} On cross-examination, Trooper Gable was asked about the physical description of the vehicle owner which was given to him prior to the stop. T. at 13. Trooper Gable could not recall the description (woman, five feet tall, 150 pounds), but testified it is very difficult to determine how tall an individual is when the individual is seated in a vehicle. T. at 13-15. He stated he could not determine hair length nor sex of the driver, and his view was of the back of the driver. T. at 16, 19.
 {¶ 14} The trial court found Trooper Gable was unable to ascertain the sex of the driver prior to the stop. We concur with this analysis of the facts. It was past midnight on an unlighted highway. The vehicle was a 1989 four door, presumably with head rests as required by law. T. at 5. Trooper Gable was unable to determine the driver's sex, height or length of hair. We find sufficient evidence to satisfy Terry, supra. Once the vehicle was stopped, the identification of the driver was not made until Trooper Gable was beside the passenger door on the driver's side and the window was lowered. Trooper Gable's intent to apologize for the stop and let the driver go is credible and supported by State v. Chatton
(1984), 11 Ohio St.3d 59.
 {¶ 15} Upon review, we find the trial court did not err in denying the motion to suppress.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. and Boggins, J. concur.